The Northwestern University

*v.*

The People *ex rel.* Louis C. Huck.

TAXATION — *exemption of property held for educational and religious purposes.* Under the constitution of 1848 it was not competent for the Legislature to exempt from taxation property owned by educational, religious, or charitable corporations, which was not itself used directly in aid of the purpose for which such corporations were created, but which was held for profit merely, although the profits were to be devoted to the proper purposes of such corporations.

APPEAL from the County Court of Cook County ; the Hon. MARTIN R. M. WALLACE, Judge, presiding,

This is an appeal from a judgment of the county court of Cook county against a large number of lots belonging to the appellant, for the taxes of 1875, amounting to $6,644.15.

The University was incorporated by special charter in 1851. In 1855 the charter was amended, section 4 providing : " That all property, of whatever kind or description, belonging to or owned by said corporation, shall be forever free from taxation for any and all purposes."

Some of the property was rented, and the proceeds applied to the payment of teachers and other school expenses.

Messrs. WALKER, DEXTER & SMITH, for the appellant.

Mr. GEORGE O. IDE and Mr. JOHN M. ROUNTREE, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The facts and questions made in this case are essentially the same as in *Northwestern University* v. *The People*, 80 Ill. 333. It will answer no good purpose to discuss anew the questions raised. Our conclusion was that it was not competent for the General Assembly, under the constitution of 1848, to exempt from taxation property owned by

educational, religious, or charitable corporations which was not itself used directly in aid of the purposes for which such corporations were created, but which was held for profit merely, although the profits were to be devoted to the proper purposes of such corporations. Elaborate arguments have been made to induce us to change that decision, but, after further consideration, we see no reason for departing from the views there expressed.

The case cited is conclusive of the one at bar, and the judgment will be affirmed.

*Judgment affirmed*

Justices SHELDON and DICKEY, dissenting: We think that by the constitution the discretion was to be exercised by the Legislature, and, having been exercised, courts have no power to review their action in that regard.